*ALEXANDER DEAN, surviving Assignee of BENJAMIN DAVIDSON, against JOHN PATTON.*

The trustee of an insolvent debtor, having in his own name, sued a mortgage given to the insolvent, obtained a judgment, and issued a *Lev. Fas.* thereupon; by virtue of which, the sheriff sold the mortgaged premises, and received the purchase money. *Held:* that in a suit brought against the sheriff, to recover the money from him, he cannot set up as a defence, that the trustee had never given bond as required by the act of Assembly.

WRIT of error to the special Court of Common Pleas of Huntingdon county.

The only question of law which was argued in this court, grew out of the following facts.

*Alexander Dean* was the surviving assignee of *Benjamin Davidson*, an insolvent debtor, and as such, in his own name, issued a *scire facias* on a mortgage, given by *James Clark* to the said *Benjamin Davidson*, obtained a judgment thereupon, and issued a *Lev. Fas.* directed to *John Patton*, the defendant, then sheriff of Huntingdon county, upon which he sold the mortgaged premises for two thousand four hundred and seventy dollars, and received the purchase money. This action for money had and received for the plaintiff's use, was then brought against him to compel him to pay it over; to which he set up a defence, that the plaintiff had not given bond with security, as trustees of insolvent debtors are required by the act of assembly to give, before suit brought.

The court charged the jury on the other points in the cause, and reserved the point above mentioned.

(Alexander Dean, surviving assignee of Benjamin Davidson, *v.* John Patton.)

The jury found a verdict for the plaintiff: but the court being of opinion that the objection to the plaintiff's recovery was fatal, entered judgment for the defendant.

*Miles*, for plaintiff in error.

The right of the plaintiff to have the money, had been established by the judgment on the mortgage; it had passed in *rem judicatam*; and a sheriff could not collaterally controvert that right. *Dawson* v. *Ewing*, 16 *Serg. & Rawle*, 371.

The plaintiff in this suit sues in his own individual right, and the plea of *non assumpsit* admits the character in which he sues. *McKim* v. *Riddle*, 2 *Dall.* 100.

*Potter* and *Blanchard*, for defendants in error.

The plaintiff claims the money as trustee of *Davidson*, and he must show that he has qualified himself under the act of 4th April 1798, before he can sustain a suit. Upon his neglect or refusal to give bond, the court may appoint another trustee. *Willis* v. *Low*, 3 *Yeates*, 520. *Henderson* v. *Cooper*, 6 *Bin.* 189. Under the plea of *non assumpsit* the defendant may avail himself of the defence that no bond has been given. *Kennedy* v. *Ferris*, 5 *Serg. & Rawle*, 397. *Park* v. *Graham*, 4 *Serg. & Rawle*, 549.

*Hale*, in reply.—If the court should be of opinion that the judgment should be reversed, they will enter judgment for the plaintiff below upon the verdict.

PER CURIAM.—The sheriff is an officer of the law, but for the benefit of those who are entitled to his services; and to suffer him, instead of serving the plaintiff in an execution, to baffle him by disaffirming his right to the money, although solemnly adjudged in an action between the proper parties, would be vexatious and oppressive. No sheriff ever thought of alleging as a pretext for retaining money in his hands, that the plaintiff had recovered under void letters of administration. His plain duty is obedience to the mandate of the writ, by having the money ready for the plaintiff before the court. On the other hand, although the sheriff will not be allowed to dispute the plaintiff's title, the court will take care that the creditors of the insolvent be properly secured before the plaintiff has leave to take the money out of court; and thus substantial justice will be done without unnecessary delay.

Judgment of the court below reversed, and judgment upon the verdict for the plaintiff.